The following constitutes
the order of the court. Signed May 22, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 06-41515 MEH |
| DON OBERLE | Chapter 7 |
| Debtor/ | |
| DON OBERLE | Adv. No. 06-04223 AH |
| Plaintiff | |
| v. | |
| JEAN WHITLEY, ET. AL. | |
| Defendants/ | |

MEMORANDUM DECISION

On May 14, 2013, Defendant John Brosnan ("Brosnan") filed a motion to reopen the above-captioned adversary proceeding and vacate the Judgment entered August 3, 2007 (docket no. 34) alleging fraud on the court, pursuant to Fed. R. Civ. P. 60(d)(3) incorporated by Fed. R. Bankr. P. 9024.

Background:

Creditors Jean Whitley, William Whitley (together the "Whitleys"), and Brosnan filed an involuntary petition on behalf of debtor Don Oberle ("Oberle"). The court dismissed the involuntary case finding that the Whitleys were not qualified petitioners because they transferred/acquired a claim for the purpose of

1

commencing the involuntary case, Fed. R. Bankr. P. 1003(a). The court also held that Brosnan was not a valid petitioner under Bankruptcy Code[1] § 303(b) due to his *de minimis* claim of $2.00.

Oberle commenced the above-captioned adversary proceeding seeking actual and punitive damages pursuant to § 303(i). On August 3, 2007, the court issued a Memorandum Decision (docket no. 33) ("Memorandum Decision") and Judgment awarding Oberle attorneys' fees in the amount of $7,480 for his successful defense of the involuntary petition and additional attorneys' fees of $2,500 in connection with the prosecution of the adversary to recover such fees. The decision was affirmed on appeal.

Analysis:

Fraud on the court requires harm to the integrity of the judicial process. *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999). "'Fraud upon the court' should . . . embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* (internal citations omitted).

Brosnan claims that Oberle used his counsel, Joshua Brysk of the Law Offices of James G. Schwartz, to promote fraud on the court. Brosnan refers to Oberle's request for default judgment and his declaration (docket no. 29-1), which list as damages lost revenue in the amount of $238,000 for Oberle's business, Credit Line Financial ("CLF"). Brosnan alleges that CLF was operating illegally because it had not obtained a surety bond as required by Cal. Civ. Code § 1789.[2] This defect was not disclosed to the court. Brosnan concludes that any profits derived from the alleged illegal operation of CLF were not legally recoverable in the adversary and claiming these lost profits as damages while not disclosing the lack of a surety bond constituted fraud on the court.[3]

As provided in the Memorandum Decision, the court[4] awarded Oberle attorneys' fees for defending the involuntary petition. The court explicitly found that "Oberle did not suffer any damages as a the proximate

---
[1] 11 U.S.C. §§ 101, et seq., referred to herein as the "Bankruptcy Code."
[2] Brosnan further claims violations of 15 U.S.C. § 1679 and 18 U.S.C. § 1341 by CLF.
[3] The remaining theories included in the motion to vacate judgment, namely unclean hands doctrine, Fed. R. Bankr.P. 9011(b), and conduct unbecoming of a member of the court's bar, do not add to the "fraud on the court" argument.
[4] The decision was issued by Judge Edward Jellen, who has since retired.

2

result of the involuntary petition, and therefore . . . is not entitled to an award of any consequential or punitive damages under Bankruptcy Code § 303(i)(2)." (*Memorandum Decision*, page 2, line 18 to page 3, line 4). The Memorandum Decision includes an instructive discussion of Oberle's testimony regarding consequential and punitive damages. Judge Jellen found that Oberle's oral testimony was "contradictory," "unpersuasive," and "unconvincing." (page 3, lines 8- 9). The court therefore held that Oberle "failed to prove that he suffered any consequential damages" and was "not entitled to an award of punitive damages." (page 3, lines 6-7 and 18).

Thus, even if Oberle's allegations through counsel were sufficient to constitute fraud – which this court does not decide – the court did not find Oberle's testimony regarding consequential and punitive damages credible and was therefore not defrauded.

Contemporaneous with this decision, the court will issue an order denying Brosnan's motion to reopen adversary proceeding and vacate judgment.

**END OF MEMORANDUM DECISION**

COURT SERVICE LIST